**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ociel MARTINEZ–MARTINEZ,
Defendant–Appellant.**

**No. 04–40220.
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 21, 2004.

James Lee Turner, Assistant U.S. Attorney, Tony Ray Roberts, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timoteo E. Gomez, Marjorie A. Meyers, Assistant Federal Public Defender, Samy K. Khalil, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM: *

Ociel Martinez–Martinez (Martinez) appeals his conviction and sentence for illegal reentry following deportation. He argues that the district court plainly erred by characterizing his state felony conviction for simple possession of marijuana as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C. § 1101(a)(43)(B), when that same offense was punishable only as a misdemeanor un-

der federal law. This issue, however, is foreclosed by *United States v. Caicedo–Cuero,* 312 F.3d 697, 706–11 (5th Cir.2002), *cert. denied,* 538 U.S. 1021, 123 S.Ct. 1948, 155 L.Ed.2d 864 (2003), and *United States v. Hinojosa–Lopez,* 130 F.3d 691, 694 (5th Cir.1997). Therefore, Martinez has not demonstrated plain error.

Martinez also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He acknowledges that his argument is foreclosed, but seeks to preserve the issue for possible Supreme Court review. As Martinez concedes, this issue is foreclosed. *See Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.